SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X

MARGARITA NIEVES,

         Plaintiff,

 -against-

DOLLAR TREE STORES, INC. and 774 BROADWAY, INC.,

         Defendants.

-------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Date of Purchase:

Plaintiff designates Bronx County as the place of trial.

The basis of venue is the **Plaintiff's residence**.

The Plaintiff resides at 620 East 137th Street, in the County of Bronx and State of New York.

To the above-named Defendants:

 **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
   March 28, 2022

Yours, etc.,

_____
Enrique Guerrero, Esq.
**GUERRERO & ROSENGARTEN**
*Attorneys for Plaintiff*
**MARGARITA NIEVES**
363 7th Avenue, 7th Floor
New York, New York 10001
Telephone: (212) 533-2606

**Defendants' Addresses:**

**DOLLAR TREE STORES, INC.**
**c/o Corporation Service Company**
**80 State Street**
**Albany, New York 12207**

**DOLLAR TREE STORES, INC.**
**Attn: Michael Witynski**
**500 Volvo Parkway**
**Chesapeake, Virginia 23320**

**774 BROADWAY, INC.**
**774 Broadway**
**Brooklyn, New York 11206**

**774 BROADWAY, INC.**
**7 Marcus Garvey Boulevard**
**Brooklyn, New York 11206**

**774 BROADWAY, INC.**
**600 East 138th Street**
**Bronx, New York 10454**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
MARGARITA NIEVES,

                        Plaintiff,                               Index No.:

-*against*-                               **VERIFIED COMPLAINT**

DOLLAR TREE STORES, INC. and 774 BROADWAY, INC.

                        Defendants.
-------------------------------------------------------------------X

Plaintiff, **MARGARITA NIEVES**, by and through her attorneys **GUERRERO & ROSENGARTEN**, as and for her Verified Complaint, upon information and belief, alleges the following:

**AS AND FOR THE FIRST CAUSE OF ACTION**

1. At all times hereinafter mentioned, the Plaintiff, MARGARITA NIEVES, was and still is a resident of Bronx County and the State of New York.

2. At all times hereinafter mentioned, Defendant, DOLLAR TREE STORES, INC.'s principal place of business is in the County of New York and State of New York.

3. At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., was a domestic corporation duly licensed to do business under the laws of the State of New York.

4. At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., was a foreign corporation duly licensed to do business under the laws of the State of New York.

5. At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., was a partnership authorized to do business in the State of New York.

6. At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., was a franchisee authorized to do business in the State of New York.

7. At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

8. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, DOLLAR TREE STORES, INC., was and still engages in the retail operations in the County of Bronx and State of New York.

9. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, DOLLAR TREE STORES, INC., was and still is conducting business as a chain discount variety store for the public patronage at an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

10. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, DOLLAR TREE STORES, INC., was and still is conducting business as a chain discount variety store that was open to and/or invited members of the public, including the Plaintiff, to be its customers and patrons at an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

11. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., owned a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

12. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., was a lessor of a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

13. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., was a lessee of a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

14. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, operated a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

15. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, maintained a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

16. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, managed a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

17. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, controlled a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

18. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, supervised a certain premise, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

19. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., owned a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

20. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, operated a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

21. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, managed a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

22. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, maintained a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

23. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, controlled a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

24. That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, supervised a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

25. That the Defendant, DOLLAR TREE STORES, INC., was at all times under a duty to give the plaintiff a reasonably safe passage and a reasonably safe place to walk upon.

26. That upon information and belief, Defendant, DOLLAR TREE STORES, INC., through its shareholders, officers, directors, agents, servants and/or employees, had a responsibility to hire agents and/or servants to maintain, inspect the store and/or premises to correct and/or remove any and all dangerous, hazardous and unsafe conditions thereat.

27. That upon information and belief, the Defendant, DOLLAR TREE STORES, INC., had the obligation to maintain the premises, specifically the cleaning supplies section area of the aforesaid store free from hazards to ensure customers and patrons safety.

28. That upon information and belief, the Defendant, DOLLAR TREE STORES, INC., had a non-delegable duty to correct and/or remove any and all unsafe dangerous and hazardous conditions, that constituted an inherently unsafe premises for customers, patrons and invitees, including the Plaintiff.

29. At all times hereinafter mentioned, Defendant, 774 BROADWAY, INC.'s principal place of business is in the County of Kings and State of New York.

30. At all times hereinafter mentioned, the Defendant, 774 BROADWAY, INC., was a domestic corporation duly licensed to do business under the laws of the State of New York.

31. At all times hereinafter mentioned, the Defendant, 774 BROADWAY, INC., was a foreign corporation duly licensed to do business under the laws of the State of New York.

32. At all times hereinafter mentioned, the Defendant, 774 BROADWAY, INC., was a partnership authorized to do business in the State of New York.

33. At all times hereinafter mentioned, the Defendant, 774 BROADWAY, INC., was a franchisee authorized to do business in the State of New York.

34. At all times hereinafter mentioned, the Defendant, 774 BROADWAY, INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

35. At all the times hereinafter mentioned, Defendant, 774 BROADWAY, INC., was and still is a wholly owned subsidiary of Defendant, DOLLAR TREE STORES, INC.

36. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, 774 BROADWAY, INC., was and still engages in the retail operations in the County of Bronx and State of New York.

37. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, 774 BROADWAY, INC. was and still is conducting business as a chain of discount variety stores for the public patronage at a location with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

38. At all the times hereinafter mentioned, and for many years prior thereto, Defendant, 774 BROADWAY, INC. was and still is conducting business as a chain of discount variety store that was open to and/or invited members of the public, including the Plaintiff, to be its customers

and patrons at a location with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

39. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., owned a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

40. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., was a lessor of a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

41. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., was a lessee of a certain premises with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

42. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, operated a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

43. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, maintained a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

44. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, managed a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

45. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, controlled a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

46. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, supervised a certain premises, with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

47. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC. owned a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

48. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, operated a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

49. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, managed a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

50. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, maintained a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

51. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, controlled a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

52. That at all times hereinafter alleged, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, supervised a chain discount variety store known as **"Dollar Tree Store # 7224"** with an address commonly known and designated as 600 East 138th Street, in the County of Bronx and State of New York.

53. That the Defendant, 774 BROADWAY, INC., was at all times under a duty to give the plaintiff a reasonably safe passage and a reasonably safe place to walk upon.

54. That upon information and belief, Defendant, 774 BROADWAY, INC., through its shareholders, officers, directors, agents, servants and/or employees, had a responsibility to hire agents and/or servants to maintain, inspect the store and/or premises to correct and/or remove any and all dangerous, hazardous and unsafe conditions thereat.

55. That upon information and belief, the Defendant, 774 BROADWAY, INC., had the obligation to maintain the premises, specifically the cleaning supplies section area of the aforesaid store free from hazards to ensure customers and patrons safety.

56. That upon information and belief, the Defendant, 774 BROADWAY, INC., had a non-delegable duty to correct and/or remove any and all unsafe dangerous and hazardous condition, that constituted an inherently unsafe premises for customers, patrons and invitees, including the Plaintiff.

57. That on April 1, 2019, Plaintiff, **MARGARITA NIEVES**, while lawfully and properly traversing aisle of the aforesaid chain discount variety store, she was caused to be struck by boxes from an overloaded dolly being pushed by a store employee, thereby sustaining serious and severe permanent injuries due to the negligence of the Defendants and without any negligence on the part of the Plaintiff.

58. That for an unreasonably period of time prior to April 1, 2019, in derogation of their duties, the Defendants caused, permitted and allowed defective and dangerous conditions to exist at the aforesaid premises.

59. That, upon information and belief, the Defendants had knowledge of the unsafe, defective and dangerous conditions in the premises or that same had existed for such an unreasonably period of time that Defendants should have discovered and known of same, in time to have made the aforesaid cleaning supplies section area safe, before the occurrence of the accident alleged herein.

60. The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the Defendants, their agents, servants and/or employees in the ownership, operation, management, maintenance, control and supervision of the aforesaid premises without any negligence, carelessness or recklessness on the part of the Plaintiff contributing thereto; in that the Defendants failed to take active preventive measures to eliminate and/or mitigate the danger to avoid Plaintiff being injured; in that the Defendants failed in their commitment to protect their customers and guests, including Plaintiff.

61. That solely by reason of the aforesaid, this Plaintiff became sick, sore, lame and disabled, suffered, and still suffers and will continue to suffer for some time to come, great mental and physical pain, mental anguish and bodily injuries; that Plaintiff has been informed and verily

believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

62. That solely by reason of the aforesaid, this Plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

63. That solely by reason of the aforesaid, this Plaintiff was unable to attend to said Plaintiff's usual duties and occupation for some time and, upon information and belief, said Plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

64. That solely by reason of the aforesaid, this Plaintiff has incurred medical expenses, loss of income and other expenses and, upon information and belief, said Plaintiff will continue to incur such expenses permanently or for some time in the future.

65. That the Plaintiff's injuries were caused solely and wholly as a result and proximate cause of the negligence of the Defendants, without any comparative negligence on the part of the Plaintiff.

66. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

67. That solely by reason of the aforesaid, this Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

**AS AND FOR A SECOND CAUSE OF ACTION**

68. Plaintiff repeats, realleges, reiterates and incorporates by reference each and every allegation contained in paragraphs "1" through "67" above with the same force and effect as though more fully set forth at length herein.

69. That upon information and belief, the Defendants herein failed to use reasonable care in the training and supervision of the aforesaid employee who participated in causing the accident.

70. That at all times hereinafter alleged, the Defendants herein negligently hire an individual who was dangerous; and the Defendants knew or should have known about this employee.

71. That at all times hereinafter alleged, the Defendants herein, failed to follow numerous procedures to ensure that they are not hiring someone who will place their customers in harm's way.

72. That, as a result of the foregoing, the Plaintiff has been caused to suffer, inter alia, serious permanent personal injuries, emotional distress, embarrassment and humiliation, loss of employment, lost earnings, lost opportunities for employment, damages for some time to come.

73. That, as a result of the foregoing, the Plaintiff has been caused to sustained damages in a sum of which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff, **MARGARITA NIEVES**, demands judgment against the Defendants in the first and second cause of action, in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court; all together with interest and the costs and disbursements of this action.

Dated: New York, New York
March 28, 2022

Yours, etc.,

_____
Enrique Guerrero, Esq.
**GUERRERO & ROSENGARTEN**
*Attorneys for Plaintiff*
**MARGARITA NIEVES**
363 7th Avenue, 7th Floor
New York, New York 10001
Telephone: (212) 533-2606

## VERIFICATION BY ATTORNEY

Enrique Guerrero, Esq., an attorney duly admitted to practice before the Courts in the State of New York, hereby affirms, under the penalties of perjury, as follows:

1. That deponent is the attorney for the Plaintiff in the action within; that deponent has read the foregoing **Verified Complaint** and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2. The reason that this verification is not made by Plaintiff and is made by deponent is that Plaintiff does not reside in the county where the attorney for the Plaintiff has its office.

3. Deponent further states that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said Plaintiff.

_____
Enrique Guerrero, Esq.

Index No.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARGARITA NIEVES,

            Plaintiff(s),

against,

DOLLAR TREE STORES, INC. and 774 BROADWAY, INC.,

            Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

GUERRERO & ROSENGARTEN
Attorneys for Plaintiff
363 Seventh Avenue, 7th Floor
New York, NY 10001
Tel: (212) 777-7000
Fax: (212) 505-6681